# IN THE COURT OF APPEALS OF IOWA

No. 24-1921
Filed June 18, 2025

**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**JOSHUA ALLEN HOOKER,**
         Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, Judge.

Joshua Hooker appeals following his guilty plea to driving while barred as a habitual offender. **AFFIRMED.**

Audra F. Saunders, West Des Moines, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SCHUMACHER, Presiding Judge.**

Joshua Hooker appeals following his guilty plea to driving while barred as a habitual offender. Hooker contends his counsel was ineffective. Hooker also asserts the district court abused its discretion in imposing a ninety-day sentence. Hooker cannot raise his ineffective-assistance-of-counsel claim on direct appeal. And as we determine there was no abuse of discretion by the district court, we affirm Hooker's sentence.

## I. Background Facts and Proceedings

A Muscatine police officer recognized Hooker to be driving with a barred license and initiated a traffic stop. Hooker was later charged by trial information with driving while barred, an aggravated misdemeanor, in violation of Iowa Code section 321.561 (2023).

Hooker later pled guilty to driving while barred, as charged, and to a probation violation under Iowa Code section 908.11.[1] The district court accepted Hooker's guilty plea and sentenced him to ninety days in jail. Hooker appeals.

## II. Ineffective Assistance of Counsel

Hooker claims his plea counsel was ineffective "in allowing a plea where the evidence did not establish a factual basis." We are prohibited from deciding his ineffective-assistance-of-counsel claim on direct appeal. Iowa Code § 814.7; *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) ("[Iowa's appellate courts are] without authority to decide ineffective-assistance-of-counsel claims on direct

---

[1] A memorandum of a global plea agreement was filed on December 12, 2023, but was later retracted by Hooker as an "inadvertent filing." But Hooker confirmed through counsel that the plea of guilty to the driving while barred charge filed on December 12, 2023, which called for an open sentencing, remained valid.

appeal."). Hooker can pursue this claim through an action for postconviction relief pursuant to Iowa Code chapter 822, if he chooses. We do not consider his ineffective-assistance-of-counsel claim further in this opinion.

## III. Abuse of Discretion in Sentencing

Hooker also challenges the sentence imposed by the court.[2] "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion will not be found unless the sentencing decision was "exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* When the sentence imposed is within the statutory limits, the district court's sentencing decision "is cloaked with a strong presumption in its favor." *Id.* Hooker must "overcome the presumption in favor of the sentence." *Damme*, 944 N.W.2d at 106.

Hooker contends the district court abused its discretion by sentencing him to ninety days in jail. Hooker does not dispute that his sentence is within the statutory limits. *See* Iowa Code §§ 321.561 (providing that driving while barred constitutes an aggravated misdemeanor), 903.1(2) (imposing a statutory maximum two-year term of imprisonment for an aggravated misdemeanor).

Statutorily provided sentencing goals are to deliver the maximum opportunity for the rehabilitation of the defendant and to protect the community from further offenses by the defendant and others. *See id.* § 901.5. Determining

---

[2] We have jurisdiction to hear Hooker's appeal because Hooker has established good cause by challenging the sentence imposed, which was neither mandatory nor an agreed term of the plea deal. *See State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020).

what sentence will best achieve this balance is within the discretion of the district court. *See id.* When deciding whether to defer or suspend a sentence, a court shall consider the age of the defendant, the defendant's prior record, and such other factors as are appropriate. *See id.* § 907.5(1).

Our appellate record does not include a transcript of the sentencing hearing. Without a transcript, all information from the sentencing hearing must be gleaned from the sentencing order. Hooker argues that his history, age, maturity level, and criminal history do not warrant the ninety-day sentence imposed. Hooker further argues that his sentence is unwarranted because he took responsibility for his actions by pleading guilty to the allegation as charged. The district court determined a ninety-day sentence would advance the sentencing goals of rehabilitation and community protection as well as provide for specific and general deterrence. The district court relied on appropriate sentencing factors, including the plea agreement of the parties,[3] the nature and circumstances of the offense, Hooker's criminal history, and statutory sentencing requirements.

The district court's sentencing decision was not untenable or unreasonable. The sentence imposed was within the statutory limits, and Hooker has not overcome the presumption in favor of his sentence. *See State v. Pedersen*, No. 23-0724, 2025 WL 1066248, at *1 (Iowa Ct. App. Apr. 9, 2025) ("[I]t is not enough that the defendant merely disagrees with the court's weighing of the

---

[3] There is not a written plea agreement filed in this proceeding, but the corrected sentencing order references two other cases, AGCR064211 and AGCR070361. In any event, Hooker does not raise a challenge to the consideration of a plea agreement in his sentencing claim.

sentencing factors and the particular sentence selected.").  As the district court did not abuse its discretion, we affirm the sentence imposed.

       **AFFIRMED.**